SEND, ENTER, CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-1568-RGK (PLAx) | Date | June 21, 2007 |
|---|---|---|---|

| Title | LAURA NELSON v. EQUIFAX INFORMATION SERVICES LLC, et al. |
|---|---|

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   **(IN CHAMBERS) PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (DE 126)**

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

## I.   INTRODUCTION

On May 18, 2007, Plaintiff Laura Nelson ("Plaintiff") filed the present Motion for Attorney's Fees and Costs pursuant to The Fair Debt Collection Protection Act ("FDCPA"). 15 U.S.C. § 1692(k)(a)(3). Plaintiff seeks: (1) $382,133.00 in attorney's fees, including a multiplier of two, and (2) $15,691.55 in costs, including $11,800.00 in expert witness fees. For the reasons set forth below, the Court awards Plaintiff attorneys fees and costs in the amount of $99,294.79.

## II.   FACTUAL BACKGROUND

On August 20, 2005, Plaintiff received a bill collection call regarding a discrepancy on her credit report. After written communication with Arrow and Equifax, Plaintiff was unable to fix the discrepancy. On March 14, 2006, Plaintiff filed a Complaint against Arrow and Equifax. Plaintiff alleges Arrow violated the FDCPA, 15 U.S.C § 1681 ("FCRA"), and California Civil Code § 1788. Plaintiff alleges Equifax violated the FCRA. This Court granted Summary Judgment as to Plaintiff's FCRA and California claims against Arrow. Plaintiff and Equifax settled.

At trial, the jury found in Plaintiff's favor against Arrow on the FDCPA claim. The jury awarded Plaintiff $85,000.00 in emotional distress damages, and $15,000.00 in statutory damages. Plaintiff now seeks $382,133.00 in attorney's fees and $15,691.55 in costs from Arrow pursuant to 15 U.S.C. § 1692(k)(a)(3).

## III. JUDICIAL STANDARD.

The "American Rule" states that the prevailing litigant is not entitled to collect a reasonable attorney's fee from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). However, an exception exists where Congress has authorized the courts to require one party to award attorney's fees to the other. *Id.* at 257.

Under the FDCPA, a successful plaintiff is entitled to costs of the action and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3). The district court has discretion to determine the amount of reasonable attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *San Francisco NAACP v. San Francisco Unified School Dist.*, 284 F.3d 1163, 1169 (9th Cir. 2002). The court determines the reasonable fee by calculating the lodestar figure: the number of hours reasonably expended multiplied by the reasonable hourly rate. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 2002). After determining the lodestar, the court may adjust the amount based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995). These factors include: (1) the time and labor involved, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* Many of these factors are subsumed within the initial lodestar calculation. *Benton v. Oregon Student Assistance Comm'n.*, 421 F.3d 901, 905 (9th Cir. 2005). In the analysis, a rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorney's fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

## IV. DISCUSSION

### A. Plaintiff's hourly rate is excessive

Plaintiff seeks hourly rates of $450 for Robert A. Brennan ("Brennan"), $425 for Robert A. Weiner ("Weiner"), $375 for Agnes O. Martin ("Martin"), $345 for Steve Crilly ("Crilly"), $160 for Bob Bichler ("Bichler"), $160 for RG, $160 for LK, and $105 for KA.[1] Plaintiff argues that these rates reflect: the prevailing market rate in Los Angeles, Plaintiff's counsel's experience, and the superior results of the case. The Court disagrees.

Plaintiff has not met the burden of showing that Brennan's $450 per hour is reasonable.[2] In determining the reasonable hourly rate, the court generally considers several factors including: the experience, skill and reputation of the applicant, the prevailing rate in the community for comparable attorneys, and the novelty or difficulty of the issues presented. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1985). Here, Brennan has not proven that other Los Angeles attorneys charge $450 per hour in cases involving FDCPA claims. Nor does Brennan show why the issues presented by this case are so novel or complex as to warrant $450 per hour. Rather, Brennan concedes that Arrow's proposed rate of $325 is within range of reasonable attorney's fees he has been awarded. (Brennan Decl. ¶¶ 17-21). Moreover, The Central District of California has held that $350 is a reasonable for an attorney with comparable experience. *See Clady v. East Coast Foods*, 2004 U.S. Dist.

---

[1] RG, LK and KA are not identified by name.

[2] The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

2

Lexis 29325, *10 (C.D. Cal. Aug. 2, 2004) ($350 was reasonable in Los Angeles for an attorney with 16 years of experience).[3] Thus, the Court reduces the hourly rate to $350.

In addition to Brennan's hourly rates, the Court reduces the rates of Plaintiff's legal team. The Court uses the same factors shown above in determining reasonable rates charged by a legal staff. Here, Plaintiff failed to meet the burden of proof to justify the requested hourly rates.[4] Accordingly, the Court applies the following rates:

| Legal Staff | Req. Hourly Rate | Reas. Hourly Rate |
|---|---|---|
| Brennan | $450.00 | $350.00 |
| Weiner | $425.00 | $330.00 |
| Martin | $375.00 | $291.00 |
| Crilly | $345.00 | $268.00 |
| Bichler | $160.00 | $124.00 |
| LK | $160.00 | $124.00 |
| RG | $160.00 | $124.00 |
| KA | $108.00 | $81.00 |

**B.   Plaintiff's Claimed Hours Are Excessive**

Plaintiff's attorney seeks a total of 475.35 hours for this case. Specifically, Plaintiff seeks the 213.85 hours for Brennan, 15.4 for Weiner, 42.8 for Martin, 45.2 for Crilly, 140.5 for Bichler, 2.9 for LK, 3.4 for RG, and 11.3 for KA. After reviewing the billing records, this Court finds 475.35 hours unreasonable.

   1.   *Fees Attributed to Other Parties*

Plaintiff claims a total of 6.7 hours unrelated to Arrow. The court should exclude hours that were not reasonably expended and hours that were not properly billed to the adversary if the statutory authority permits an award of attorney's fees. *Oberfelder v. City of Petaluma*, 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002). Here, Plaintiff seeks recovery of fees that were not incurred in support of her case against Arrow. Therefore, this Court reduces the claimed time by 6.7 hours[5] totaling $1,410.00.[6]

   2.   *Clerical Tasks*

The Court also finds several entries where Plaintiff's attorneys bill for clerical tasks such as making copies, adjusting calendar dates, prepping documents for service, document handling, and

---

[3] Brennan graduated from law school in 1987. *See* Brennan's Decl. ¶¶ 9.

[4] All the rates are comparable to the prevailing market rates within Los Angeles. *See Rodriguez v. United States*, 2006 U.S. Dist. LEXIS 95839, *9 (C.D. Cal. June 2, 2006).

[5] Specifically, the court reduces Brennan by 2.5, Martin by .6, Bichler by 1.6, and KA by 2.

[7] The hours deducted occurred on the following dates: March 29, 2006; March 30, 2006; July 7, 2006; July 17, 2006; November 17, 2006; January 3, 2007; January 26, 2007; February 28, 2007; March 8, 2007; March 31, 2007; April 4, 2007. *See* Yim Decl. Ex. 1

3

organizing files.[7] Here, Plaintiff's attorneys clerical and secretarial tasks should not be billed at a paralegal or lawyer's rate, therefore the Court reduces the claimed hours by 26.8 hours[8], which represents all hours billed for clerical tasks. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds*, 984 F.2d 345 (9th Cir. 1993) ("It is simply not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost.").

3. *Apportioning Fees*

Lastly, the Court equally apportions 333.4 hours between Arrow and Equifax. In an action with multiple claims, the fee applicant has the burden to identify distinct claims in billing records. *See Hensley*, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"). If the billing records fail to distinguish the time spent on each claim, the Court may reasonably apportion Plaintiff's attorneys' fees based on the Court's familiarity with the case. *See Evers v. County of Custer*, 745 F.2d 1196, 1204-1205 (9th Cir. 1984) (discussing the Court's discretion to estimate the time spent on one claim). Here, Plaintiff's counsel charges 365 hours before April 6, 2007.[9] In Plaintiff's billing records, Plaintiff's counsel specifically refers to Arrow in only 31.6 hours.[10] Therefore, it is impossible for the Court to distinguish the time spent on each of Plaintiff's claims. As a result, the Court apportions the remaining 333.4 hours between Arrow and Equifax equally, to ensure Arrow is not liable for a fee award greater than the actual fees incurred against Arrow. The Court does not apportion the hours after April 6, 2007.

Thus, the lodestar for each attorney is as follows:

| Attys./Legal Staff | Hourly Rate | Hours | Total |
|---|---|---|---|
| Brennan | $350.00 | 154.75 | $54,162.50 |
| Weiner | $330.00 | 6.7 | $2,211.00 |
| Martin | $291.00 | 126.7 | $36,869.70 |
| LK | $268.00 | 1.45 | $388.60 |
| Crilly | $268.00 | 64.45 | $17,272.60 |
| Bichler | $124.00 | 47.55 | $5,896.20 |
| RG | $124.00 | 1.7 | $210.80 |
| KA | $81.00 | 4.65 | $376.65 |
|  | TOTAL | 407.95 | $117,388.05 |

---

[7] The entries were found on the following dates: July 24, 2006; July 7, 2006; October 9, 2006; October 23, 2006; October 25, 2006; November 27, 2006; December 1, 2006; December 4, 2006; December 6, 2006; December 8, 2006; December 21, 2006; December 22, 2006; January 4, 2007; January 11, 2007; January 17, 2007; January 18, 2007; January 24, 2007; February 5, 2007; March 1, 2007; March 2, 2007; March 5, 2007; March 7, 2007; March 8, 2007; March 13, 2007; March 15, 2007; March 16, 2007; March 19, 2007; March 20, 2007; March 22, 2007; March 27, 2007; April 3, 2007; April 6, 2007; April 9, 2007; April 13, 2007; and April 18, 2007.

[8] The 26.8 hours include: 2 for RAW, .2 for AOM, 24.6 for Bichler

[9] Plaintiff settled with Equifax on April 6, 2007.

[10] The 31.6 hours include 20.6 for Brennan, 4.6 for Martin, and 3.3 for Bichler.

### C. Reduction of the Lodestar Amount

Having established a lodestar rate of $117,388.05, the Court turns to whether the lodestar figure should be adjusted. Although the lodestar is presumed to be the reasonable attorney's fees for a case, a downward adjustment may be made for limited results obtained in a simple case. *See Hensley*, 461 U.S. at 440. After reviewing the results obtained in this case, the Court decides that a downward adjustment is appropriate. First, a district court may consider a plaintiff's limited success in prevailing in only a few of many claims. *Corder v. Gates*, 947 F.2d 374, 379 (9th Cir. 1991). Initially, this lawsuit included four defendants with ten claims. Plaintiff prevailed in only two of the ten claims. Second, the court may consider the novelty and the difficulty of the question to determine the reasonableness of the attorney's fees. *Kerr*, 526 F.2d at 67. In pretrial conference, the Court noted the simple nature of this case. Therefore, judging the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended in a simple case, the Court reduces the lodestar by an across the board reduction of 25 percent. This results in the final adjusted amount of $88,041.04.

### E. Fees for Instant Motion and Other Post Trial Motions are Unreasonable

Plaintiff requests $21,946.00 for attorney's fees for supplemental billing and time expended to prepare the instant Motion. The plaintiff is entitled to the fees, though the Court concludes that the requested amount is unreasonable. First, the hourly rates are inconsistent and unreasonable compared to the prevailing hourly rate in Los Angeles. In the supplemental bill, Plaintiff charges $475.00, not $425.00 for Weiner's hourly rate. Second, the Court also finds several entries where Plaintiff's attorneys bill for clerical tasks. The clerical tasks include: creating charts, document search and prepping exhibits. Third, Plaintiff's attorneys also seek fees for work that was unnecessary and duplicative. For experienced attorneys, Brennan and Wiener spent an unreasonable amount of hours researching the instant Motion. *See* Weiner Decl. ¶¶ 3-24, and Brennan Decl. ¶¶ 8-22. Lastly, Plaintiff's attorneys spent an unreasonable and unnecessary amount of time preparing the attorney's fees application, researching continuing violations, and reviewing "all papers." Thus, the court reduces the hourly fee and the number of hours to the following:

| Legal Staff | Reas. Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Brennan | $350.00 | 5.4 | $1,890.00 |
| Weiner | $330.00 | 5.5 | $1,815.00 |
| Martin | $291.00 | 8 | $2,328.00 |
| Crilly | $268.00 | 5.9 | $1,581.2 |
| Bichler | $124.00 | 2 | $248.00 |
| | | Combined Total: | $7,862.20 |

### D. Plaintiff Is Entitled to Part of the Costs Requested

Plaintiff also seeks costs including expert witness fees. The Court will strictly interpret statutory language regarding "costs" in accordance with 28 U.S.C. § 1920.[11] *See Agredano v. Mutual of Omaha*

---

[12] 28 U.S.C. § 1920 the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4)

*Companies*, 75 F.3d 541, 543-44 (9th Cir. 1996) (interpreting "costs of the action" as not including expert witness fees); *B & H Mfg. Co. v. Bright*, 2006 U.S. Dist. LEXIS 12249, *50 (E.D. Cal. March 3, 2006). Here, 15 U.S.C. 1692(k)(a)(3) allows the Court to grant "costs of the action" to the prevailing party. However, the statute does not give the Court authority to tax non-appointed expert witness fees. Therefore, such costs are deducted. In addition, the court reduces the amount of costs by $500.00 for costs attributable to Plaintiff's case against Equifax. Accordingly, the Court awards Plaintiff $3,391.55 for out of pocket expenses.

Thus, Plaintiff's attorneys' fees and costs is as follows:

| Lodestar – 25% | Suppl. Fees | Costs | Total |
|---|---|---|---|
| $88,041.04 | $7,862.20 | $3,391.55 | $99,294.79 |

## IV.   CONCLUSION

In light of the foregoing, Plaintiff are awarded attorneys' fees and costs in the amount of $99,294.79. Additionally, the Court hereby vacates the Clerk's June 7, 2007 Bill of Costs taxing costs in the amount of $15,691.55.

**IT IS SO ORDERED.**

Initials of Preparer

---

Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.